| STATE OF NORTH CAROLINA | File No. 19 CVS 6619 |
|---|---|
| Cumberland County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| D. KEITH ALLISON and ALLISON PROPERTIES |
| Address |
| 5851 Ramsey Street |
| City, State, Zip |
| Fayetteville NC 28311 |

**VERSUS**

| Name Of Defendant(s) |
|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and METROPOLITAN CASUALTY INSURANCE COMPANY |

**CIVIL SUMMONS**
☒ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

Date Original Summons Issued: 10/31/2019
Date(s) Subsequent Summons(es) Issued:

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Metropolitan Property and Casualty Insurance Company<br>700 Quaker Lane<br>Warwick RI 02818 | Metropolitan Casualty Insurance Company<br>700 Quaker Lane<br>Warwick RI 02818 |

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Michael Porter<br>The Michael Porter Law Firm<br>5851 Ramsey Street<br>Fayetteville NC 28311 | 12/31/19 | 11:52 ☒ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|
| Signature | |
| ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| RETURN OF SERVICE | |
|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | AM ☐ PM ☐ | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | AM ☐ PM ☐ | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

D. KEITH ALLISON and ALLISON )
PROPERTIES, INC., )
 )
        Plaintiff, )
 )
v. )    **COMPLAINT**
 )    **(Jury Trial Demanded)**
METROPOLITAN PROPERTY AND )
CASUALTY INSURANCE COMPANY, )
METROPOLITAN CASUALTY )
INSURANCE COMPANY and )
HARFORD MUTUAL INSURANCE )
COMPANY, )
        Defendants. )

**NOW COMES** D. Keith Allison (hereinafter "**Plaintiff Allison**") and Allison Properties, Inc., (hereinafter "**Plaintiff Allison Properties**"), by and through counsel, and complaining of Metropolitan Property and Casualty Insurance Company and Metropolitan Casualty Insurance Company (hereinafter collectively "**Defendant Metlife**") and Harford Mutual Insurance Company (hereinafter "**Defendant Harford**") as follows:

### Parties

1. **Plaintiff Allison** is a citizen and resident of Cumberland County, NC and was so at all times relevant to the matters herein.

2. **Plaintiff Allison Properties** is a corporation organized and existing under the laws of North Carolina with its principal place of business being in Cumberland County, N.C.

3. **Defendant Metlife** (Metropolitan Property and Casualty Insurance Company and Metropolitan Casualty Insurance Company) are a corporations organized and existing

Page 1 of 6

under the laws Rhode Island with their principal place of business being in Warwick Rhode Island, and they are doing business as "MetLife Home & Auto" in various states to include North Carolina.

4. The registered agent address for **Defendant MetLife** is 700 Quaker Lane, Warwick, RI 02818.

5. **Defendant Harford** is a corporation organized and existing under the laws Maryland with its principal place of business being in Harford County, Maryland with a registered agent of June Poole with an address of 200 North Main Street, Belair, Maryland.

### Jurisdiction & Venue

6. This Court has personal jurisdiction over Defendants pursuant to N.C. Gen. Stat. § 1-75.4.

7. This Court has subject matter jurisdiction over this matter pursuant to N.C. Gen. Stat. § 7A-243.

8. Cumberland County, North Carolina is the proper venue for this matter pursuant to N.C. Gen. Stat. § 1-82.

### Facts

9. **Plaintiff Allison Properties** owns residential property located at 1805 Lakeshore Drive, Fayetteville, N.C. (hereinafter "the Residence").

10. **Plaintiff Allison** at all times relevant hereto had personal property located at the Residence.

11. **Defendant Harford** issued an insurance policy wherein **Plaintiff Allison Properties** was the insured party, and which covered the Residence and personal property located at the Residence. The policy number was 9146374.

12. **Defendant Metlife** issued an insurance policy wherein **Plaintiff Allison** was the insured party, and which covered personal property located at the Residence. The policy number was 821590834-0.

13. On or about October 8, 2016, while the policy issued by **Defendant Metlife** was in effect and while the policy issued by **Defendant Harford** was in effect, **Plaintiff Allison** and **Plaintiff Allison Properties** suffered a loss covered by both aforementioned policies when a plumbing fixture and/or piping within the Residence malfunctioned causing significant water damage to the Residence and personal property.

14. The aforementioned loss is a covered loss under both respective policies of insurance.

15. **Plaintiffs** immediately gave notice to **Defendant Metlife** (claim number JDG36462) and **Defendant Harford** (claim number 230103) of the aforementioned loss and damage.

16. **Defendant Metlife** and **Defendant Harford** have denied liability or responsibility for any part of the loss, thereby waiving further proofs of loss by way of letters dated November 1, 2016 and November 15, 2016 respectively.

17. **Defendant Metlife** and **Defendant Harford** have absolutely refused to pay **Plaintiffs** any part of the loss, and have repeatedly denied liability on the aforementioned policies of insurance (and such refusal to pay is unwarranted).

18. **Defendant Metlife** and **Defendant Harford** have alleged that flood water from Hurricane Mathew backed up into the Residence causing the aforementioned loss and that said flooding is excluded from coverage under their respective policies of insurance.

19. However, **Defendant Metlife** and **Defendant Harford** have not provided to **Plaintiffs** any proof that flood waters reached the Residence on the aforementioned date of loss, or at any other time.

20. The Residence did not flood on the aforementioned date of loss.

### First Claim for Relief

### (Breach of Insurance Contract N.C.P.I.-Civil 502.00 CONTRACTS-ISSUE OF BREACH BY NON-PERFORMANCE)

21. **Plaintiffs** hereby incorporates paragraphs 1 through 20 as if fully set forth herein.

22. **Plaintiff Allison Properties** and **Defendant Harford**, entered into a valid and binding policy of insurance to insure for loss the Residence and personal property and **Defendant Harford** has breached said policy of insurance with **Plaintiff Allison Properties** by refusing and failing to pay any insurance proceeds to **Plaintiff Allison Properties** for the aforementioned loss and damages.

23. The aforementioned actions of **Defendant Harford** have directly and proximately damaged **Plaintiff Allison Properties** in an amount in excess of $25,000.00 by breaching said policy of insurance entered into with **Plaintiff Allison Properties**, and **Plaintiff Allison Properties** is entitled to judgment against **Defendant Harford** in an amount in excess of $25,000.00.

## Second Claim for Relief

### (Breach of Insurance Contract N.C.P.I.-Civil 502.00 CONTRACTS-ISSUE OF BREACH BY NON-PERFORMANCE)

24. **Plaintiffs** hereby incorporates paragraphs 1 through 23 as if fully set forth herein.

25. **Plaintiff Allison** and **Defendant Metlife** entered into valid and binding policy of insurance to insure for loss personal property located at the Residence and **Defendant Metlife** has breached said policy of insurance with **Plaintiff Allison** by refusing and failing to pay any insurance proceeds to **Plaintiff Allison** for the aforementioned loss and damages.

26. The aforementioned actions of **Defendant MetLife** have directly and proximately damaged **Plaintiff Allison** in an amount in excess of $25,000.00 by breaching said policy of insurance entered into with **Plaintiff Allison**, and **Plaintiff Allison** is entitled to judgment against **Defendant Metlife** in an amount in excess of $25,000.00.

### Reservation of Other Rights and Remedies

**Plaintiffs** hereby expressly reserves the right to pursue all other rights and remedies available to it at law or in equity, and nothing herein should be construed as a waiver of the same.

**WHEREFORE, Plaintiffs** pray the Court that:

1. **Plaintiff Allison** recover compensatory damages from **Defendant Metlife** in amount in excess of $25,000.00 for each claim for relief as set forth above;

2. **Plaintiff Allison Properties** recover compensatory damages from **Defendant Harford** in amount in excess of $25,000.00 for each claim for relief as set forth above;

3. A trial by jury is respectfully demanded; and

4. Such other relief as the Court deems just and proper.

This the 31st day of October, 2019.

Respectfully submitted,

*[signature]*

**Michael R. Porter, Esq.**
N.C. State Bar No.: 37000
**The Michael Porter Law Firm**
Attorney for the **Plaintiffs**
5851 Ramsey Street
Fayetteville, NC 28311
Telephone (910) 339-3131
Facsimile (910) 339-3132
michael@michaelporterlaw.com






